HUGGY LAMAR PRICE, ESQ.
PRICE & ASSOCIATES, LLC
4380 SOUTH SYRACUSE STREET, STE 455
DENVER, COLORADO 80237
(303) 656-6693
HUGGY@PRICELEGAL.NET

Attorney for Plaintiff
Iipay Nation of Santa Ysabel,
a federally recognized Indian tribe

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IIPAY NATION OF SANTA YSABEL, a federally recognized Indian tribe,**<br><br>Plaintiff,<br><br>v.<br><br>**CALIFORNIA GAMBLING CONTROL COMMISSION, an agency of the State of California,**<br><br>Defendant. | 12-cv-01876-BEN-RBB<br><br>**FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>Judge:        The Honorable Roger T. Benitez<br>Action Filed: July 30, 2012 |

COMES NOW, the Iipay Nation of Santa Ysabel ("Plaintiff" or "Tribe") and presents this Complaint seeking declaratory judgment and injunctive relief in the above-captioned action, and hereby allege as follows:

**INTRODUCTION, STATEMENT OF JURSIDICTION AND PARTIES**

1. Plaintiff, the Iipay Nation of Santa Ysabel (also known as the Santa Ysabel Band of Diegueno Mission Indians), is a federally recognized Indian tribe that shares a government-to-government relationship with the United States and the State of California.

2. Defendant, the California Gambling Control Commission ("Defendant" or "CGCC"), is a State agency with its office in Sacramento that is tasked with acting as the trustee

over the Revenue Sharing Trust Fund, a fund created by the Legislature and administered by the CGCC, for the receipt, deposit, and distribution of monies paid pursuant to tribal-state compacts concerning class III Indian gaming within the State of California.

3. This action is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1331. The Complaint sets forth three causes of action against Defendant seeking relief where entitlement to said relief depends upon the adjudication of questions of federal law, to wit, whether Defendant has, through the below described actions, violated the Tribal-State Gaming Compact, which arises under the Indian Gaming Regulatory Act (25 U.S.C. § 2701 et seq.) and provides that the United States District Court has jurisdiction, and that the district court of the district in which the Tribe's Gaming Facility is located is the designated venue for actions arising under the Compact. Claims to enforce this Compact arise under federal law, and accordingly fall within the jurisdiction of the federal courts pursuant to 28 U.S.C. §§ 1331 and 1362. *See Cabazon v. Wilson*, 124 F.3d 1050, 1055 (9th Cir. 1997). Plaintiff's Gaming Facility is located in Santa Ysabel, California, which is within the Southern District of California.

## GENERAL ALLEGATIONS

4. The Tribe is entitled to quarterly monetary distributions from the Revenue Sharing Trust Fund ("RSTF"), a fund that compensates Non-Compact Indian tribes in California, including Plaintiff, pursuant to tribal-state compacts entered into between the State of California and tribes engaged in class III gaming.

5. The RSTF is a trust fund created by the Legislature, funded by proceeds of Indian gaming in California, and administered by the CGCC, as trustee, for the receipt, deposit, and distribution of monies paid pursuant to tribal-state compacts.

6. The tribal-state compacts provide that Non-Compact Tribes (all tribes operating less than 350 gaming devices) are entitled to quarterly disbursements from the RSTF.

7. Pursuant to tribal-state compacts, including the tribal-state compact between the Tribe and the State of California ("Compact") approved in November 2003, **the CGCC has no discretion with respect to the use or disbursement of the trust funds. Its sole authority shall**

2

**be to serve as a depository of the trust funds and to disburse them on a quarterly basis to Non-Compact Tribes**.

8. The Tribe is presently involved in litigation with one of its gaming facility lenders, the Yavapai Apache Nation ("the YAN"), a federally recognized Indian tribe, which is pending in the Sacramento Superior Court.

9. The Tribe has, at all times since the RSTF was created, remained eligible to receive funds.

10. Defendant held a meeting on Thursday, July 26, 2012. On Defendant's agenda was review of the RSTF "Final Report for Distribution to Eligible Recipient Indian Tribes." At this meeting, legal counsel for the YAN appeared and argued in support of the YAN's request that the CGCC "remit to the Sacramento Superior Court for the foreseeable future those [RSTF] distributions that would otherwise be paid to the [Tribe]." The Tribe's counsel also appeared at this meeting and argued that trustee CGCC lacks the legal authority to do anything other than distribute the Tribe's RSTFs directly to the beneficiary Tribe.

11. Despite the fact that the evidence before Defendant was that the Tribe was eligible to receive RSTF moneys for the quarter ending June 30, 2012, and despite the fact that Defendant lacked authority to take any action other than timely distribution of the Tribe's RSTFs directly to the Tribe, CGCC staff recommended that the CGCC "approve the allocation to the [Tribe], but withhold distribution of RSTF monies until the Commission has clarity regarding our obligations arising from the bankruptcy and state court litigation." Defendant thereafter adopted this recommendation and, on July 26, 2012, unanimously voted to allocate but withhold the Tribe's RSTF distribution pending a further meeting on this matter on August 8, 2012. On August 8, 2012 the CGCC held a further hearing regarding the Tribe's RSTF where the Commission again voted to allocate and withhold the Tribe's RSTF distribution for the quarter ending June 30, 2012 until the Commission received further clarification from a Court.

12. On October 25, 2012, the Commission met again to consider what action to take concerning the Tribe's RSTF distribution for the quarter ending September 30, 2012. The Commission again voted to allocate and withhold RSTF distribution to the Iipay until the

1. Commission receives further clarification from the Court with respect to the YAN's claim to the Iipay's RSTF distributions.

13. It is likely that the Commission will continue to allocate and withhold the Tribe's future RSTF distributions pending further clarification from the Court.

14. Timely distribution of the Tribe's RSTF distribution is required by law: it must be made to the Tribe, as an "eligible recipient Indian tribe," within 45 days of the end of this quarter, or by August 14, 2012. *See* Cal. Govt. Code § 12012.90(e)(2). This statutory provision was codified in 2005, by Assembly Bill 1750, in large part for the purpose of addressing and correcting Defendant's past practice of issuing untimely payments.

15. Defendant's decision to withhold actual distribution of the Tribe's RSTF distributions for the quarter ending June 30, 2012 and "until [Defendant] has clarity regarding [its] obligations arising from the bankruptcy and state court litigation", directly threatens timely distribution to the Tribe, as required by law.

16. The Tribe is dependent upon timely distribution of its quarterly RSTF distributions to fund its government, provide essential services, and ensure continued day-to-day operations.

## NECESSITY OF DECLARATORY JUDGMENT

17. An actual controversy has arisen and now exists between Plaintiff and Defendant concerning their respective rights and obligations, in that the Tribe contends that they are the sole beneficiary of the RSTF funds the CGCC holds as a trustee on behalf of the Tribe, and that because the CGCC has absolutely no discretion in the use or disbursement of the RSTF funds, the CGCC is in violation of the terms of the Compact and applicable statutory provisions, and is not fulfilling its duties as trustee. The CGCC believes it has the right, power, and duty to withhold the Tribe's RSTF disbursement for the benefit of other third parties, including, but not limited to the Yavapai Apache Nation.

18. Plaintiff desires a judicial determination of the Tribe's rights and the CGCC's duties as trustee to prevent the CGCC from withholding the Tribe's RSTF quarterly allocation (to which it is legally entitled), and a declaration as to whether the CGCC is in breach of the terms of the Compact by withholding its required disbursement to the Tribe.

19.     A judicial determination is necessary and appropriate at this time and under the present circumstances to allow Plaintiff to ascertain its right to protect its RSTF moneys from being withheld by the CGCC and whether the CGCC is acting outside the scope of its authority by facilitating such a withholding based on related litigation to which CGCC is not a party.

20.     Defendant's withholding threatens the Tribe, and if permitted to continue, will cause irreparable harm to the Tribe's ability to govern itself, as well as irreparable harm to its government-to-government relationships with the United States and the State of California.

21.     Plaintiff has no equally plain, speedy or adequate remedy to prevent the CGCC's withholding of its RSTF moneys other than seeking declaratory relief.

**FIRST CAUSE OF ACTION**
**Declaratory Judgment as to the RSTFs Status as a Trust fund**

22.     Plaintiff incorporates by reference paragraphs 1-21 above as if full rewritten herein.

23.     The RSTF is a trust fund under California law insomuch as it possesses the essential elements to establish a valid, voluntary trust.  Section 4.3.2.1 of the tribal-state Compact signed between the Tribe and the State of California, as well as all similar provisions in other Compacts, evidences the intention to create a trust.  The subject matter and purpose of the trust fund are reasonably ascertainable and lawful.  Non-Compact Tribes in the State of California are identified as beneficiaries and the CGCC is clearly identified as the trustee of the RSTF.

24.     By reason of the foregoing, an actual and justiciable controversy exists between the Parties.   Plaintiff therefore seeks a declaratory judgment that the RSTF is a trust fund under the laws of the State of California.

**SECOND CAUSE OF ACTION**
**Declaratory Judgment as to the Type of Trust Fund Created Through the RSTF**

25. Plaintiff incorporates by reference paragraphs 1-24 above as if full rewritten herein.

26. The type of trust fund created through the RSTF meets the legal definition of a support trust insomuch as it was established for the purpose of providing for the education and support of Non-Compact Tribes in the State of California.

27. The type of trust fund created through the RSTF also meets the legal definition of a spendthrift trust. The legal regime establishing the RSTF, including all Tribal-State Compacts containing RSTF provisions, the implementing legislation for such Compacts and federal law regarding Indian Gaming and federal recognition demonstrate the settlors' intention to restrain transferability of an interest in the RSTF.

28. By reason of the foregoing, an actual and justiciable controversy exists between the Parties. Plaintiff therefore seeks a declaratory judgment that the RSTF is either a support trust or a spendthrift trust under the laws of the State of California.

### THIRD CAUSE OF ACTION
**Breach of Compact**

29. Plaintiff incorporates by reference paragraphs 1 through 28 above as if fully rewritten herein.

30. Because the Tribe is a signatory to a Tribal-State Compact entered between the Tribe and the State of California, it has an existing contractual relationship with the State.

31. The Compact expressly provides that the CGCC's sole authority is to serve as a depository of the RSTF and to disburse them to eligible tribes on a quarterly basis.

32. There is no dispute regarding the fact that the Tribe is, and at all relevant times hereto has always been, eligible to receive RSTF funds.

33. Defendant CGCC is bound by the power granted to it pursuant to the Compact, and lacks the authority to disburse funds in a manner inconsistent with the terms of the Compact.

34. Since the RSTF is a valid trust fund, Tribe's interest in the fund is subject to enforcement of a judgment creditor's money judgment only by a petition under CAL. CCP. § 709.010.

35. To date, no valid petition seeking to enforce a money judgment against the Tribe pursuant to CAL. CCP. § 709.010 has been properly lodged.

36. By reason of the foregoing, an actual and justiciable controversy exists between the Parties. Plaintiff therefore seeks a declaratory judgment that if the RSTF is a valid trust fund, failure to distribute RSTF funds to Tribe constitutes a breach of the Tribal-State Compact.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Iipay Nation of Santa Ysabel requests that this Court enter judgment against Defendant California Gambling Control Commission as follows:

1. For declaratory judgment that the RSTF is a valid trust fund.

2. For declaratory judgment that the RSTF is either a support trust or spendthrift trust.

3. For declaratory judgment that Defendant California Gambling Control Commission's withholding of the Tribe's RSTF moneys constitutes a breach of Compact;

4. For an injunction against Defendant California Gambling Control Commission prohibiting it from withholding the RSTF moneys to which the Tribe is entitled;

5. For declaratory judgment that Plaintiff is the sole beneficiary of RSTF monies held for the benefit of the Tribe; and

6. For all other relief that this Court deems just and proper.

1
2
3
4
5
6
7

                                          Respectfully submitted,


                                          PRICE & ASSOCIATES, LLC
                                          ATTORNEYS AT LAW

Dated: January 14 , 2013          By:  s/Huggy Lamar Price

                                          Huggy Lamar Price
                                          Attorney for Plaintiff
                                          Huggy@pricelegal.net

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28